IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLEN REESE, | § | |
| | § | |
| Defendant Below, | § | No. 6, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2005008448 |
| | § | |
| Appellee. | § | |

Submitted: September 12, 2025
Decided: November 24, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

(1) The appellant, Allen Reese, has appealed the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the record and the parties' briefs, including the appellant's supplementary reply brief, we affirm the Superior Court's judgment.

(2) Reese worked as a counselor for Delaware Guidance Services. In November 2019, he was accused of taking temporary custody of a fifteen-year-old boy who was in foster care in Delaware, driving the child to Maryland, and sexually assaulting him in both states.[1] Shortly after DNA was collected from Reese as part

---

[1] *Reese v. Bounds*, 2021 WL 849108, at *1 (D. Md. Mar. 5, 2021); Appendix to Opening Brief, Exhibit M (excerpt of police report).

of the investigation, Reese booked a flight to Morocco, one of five countries that does not have an extradition agreement with the United States.[2] Authorities arrested Reese in Maryland before he could leave the country.[3]

(3)    In June 2020, while Reese was in custody pending trial in Maryland, a Delaware Superior Court grand jury indicted him for first-degree sexual abuse of a child by a person in a position of trust, authority, or supervision under 11 *Del. C.* § 778(1); second-degree sexual abuse of a child by a person in a position of trust, authority, or supervision under 11 *Del. C.* § 778A(1); and endangering the welfare of a child under 11 *Del. C.* § 1102(a)(1)(a).  On July 20, 2020, Delaware counsel ("Counsel") entered an appearance and filed an initial discovery request.  No further proceedings were held for approximately a year, as Reese remained in custody in Maryland and had not yet been arrested in Delaware.

(4)    At a status conference in Superior Court on July 9, 2021, Counsel informed the court that a global plea deal had been reached that would resolve the charges in both states and allow Reese's Maryland sentence to run concurrently with his Delaware sentence.  Because the Maryland resolution was contingent on Reese first pleading guilty and being sentenced in Delaware, his Maryland case would be temporarily suspended so that he could be extradited to Delaware to enter his plea.

---

[2] *Reese*, 2021 WL 849108, at *4.
[3] *Id.*

He would then be returned to Maryland, where his case would be reactivated so that he could enter his Maryland plea.[4]

(5) The plan was soon put into motion. Reese was transferred to Delaware and appeared for arraignment on July 20, 2021, where Counsel entered Reese's plea of not guilty. Because of the procedural mechanism by which Reese had been transferred from Maryland to Delaware, which did not involve an interstate detainer, the State asked the court to hold Reese without bond. When the court declined that request, the State requested a million-dollar cash bond. Counsel stated that the defense did not object, "given the complex nature of getting here with the intent of plea[d]ing him," and the court set bond at $1 million cash.[5]

(6) On July 23, 2021, Reese pleaded guilty to first-degree sexual abuse of a child by a person in a position of trust under 11 *Del. C.* § 778(2)[6] and second-degree sexual abuse of a child by a person in a position of trust under 11 *Del. C.* § 778A(1). After a thorough colloquy, the Superior Court found the plea to be knowing, intelligent, and voluntary and accepted the plea. The court then sentenced

---

[4] Appendix to Answering Brief at B27-32 (transcript of July 9, 2021 status conference).

[5] *Id.* at B34-40 (transcript of July 20, 2021 arraignment).

[6] Reese had been indicted under 11 *Del. C.* 778(1). The offense to which Reese pleaded guilty was a lesser-included offense and was subject to a lower minimum-mandatory sentence. Appendix to Answering Brief at B23, B44, B48; 11 *Del. C.* § 778(1), (2), (6).

3

Reese, consistently with the plea agreement, to a total of thirteen years of unsuspended prison time, followed by decreasing levels of supervision.[7]

(7) In July 2022, Reese filed a motion for postconviction relief asserting, among other claims, that Counsel's ineffectiveness caused him to plead guilty instead of going to trial. The Superior Court appointed postconviction counsel, who later moved to withdraw on the basis that there were no grounds for postconviction relief for which counsel could ethically advocate. The court granted the motion to withdraw. After considering submissions by Reese, the State, and Counsel, the Superior Court denied Reese's motion for postconviction relief in a memorandum opinion dated December 20, 2024. Reese has appealed to this Court.

(8) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[8] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[9] The Court considers the procedural requirements of Rule 61 before addressing substantive issues.[10] Ineffective-assistance claims raised in a timely first postconviction proceeding generally are not procedurally barred.[11]

---

[7] On October 28, 2021, Reese pleaded guilty in Maryland to sexual abuse of a minor. Appendix to Answering Brief at B12-14.

[8] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

[9] *Id.*

[10] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).

[11] *Cephas v. State*, 2022 WL 1552149, at *2 (Del. May 17, 2022) (citing *Green v. State*, 238 A.3d 160, 175 (Del. 2020)).

(9) Under the "well-worn standards"[12] articulated in *Strickland v. Washington*, to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) his defense counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.[13] There is a strong presumption that counsel's representation was professionally reasonable.[14] As to prejudice, in the context of a plea agreement, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[15] Thus, "[w]here the alleged error of counsel is a failure to investigate, a determination of 'prejudice' to the defendant by causing him to plead guilty depends upon the likelihood that the additional effort by counsel would have led to a change in counsel's recommendation as to that plea."[16]

(10) Reese's first argument on appeal concerns Counsel's conduct at Reese's arraignment. Reese asserts that Counsel knew that Reese desired to withdraw from the global plea agreement and proceed to trial but (i) did not notify the court of that intent and (ii) did not object to the State's request for a $1 million

---

[12] *Ploof*, 75 A.3d at 820.

[13] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[14] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[15] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[16] *Albury*, 551 A.2d at 59.

cash bond. Reese also contends that Counsel was more interested in protecting the plea deal negotiated among "five people" than advocating for his client's interests.[17] Citing *United States v. Cronic*,[18] Reese argues that Counsel's conduct amounted to a complete denial of counsel at a critical stage of the proceeding.

(11) Reese's claims relating to the arraignment are without merit. At arraignment, the defendant is informed of the substance of the charges against him and "called . . . to plead thereto."[19] At Reese's arraignment, Counsel formally entered Reese's plea as not guilty and waived reading of the charges. Nothing more was required at that stage—Reese was aware of the charges, and his intent to proceed with the plea agreement would be considered at the plea hearing three days later. Moreover, Reese has not shown any legitimate basis on which Counsel could have objected to the State's bond request in the circumstances of this case. Reese therefore has not demonstrated "a breakdown in the adversarial process that would justify a presumption" of prejudice under *Cronic*.[20] As to prejudice under

---

[17] Although Reese attempts to characterize this claim as a professional conflict of interest, he does not identify any personal interest that purportedly compromised Counsel's representation.

[18] 466 U.S. 648 (1984). Under *Cronic*, prejudice is presumed if a defendant is "denied counsel at a critical stage of his trial," "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or circumstances are such that even competent counsel could not provide effective assistance. *Id.* at 659-60.

[19] DEL. SUPER. CT. R. CRIM. PROC. 10(a).

[20] *Cronic*, 466 U.S. at 662.

*Strickland*, Reese has not established a reasonable probability that he would not have pleaded guilty if Counsel had handled the arraignment differently.[21]

(12) Reese also claims that Counsel was ineffective because Counsel advised him to plead guilty without sufficiently investigating the case or pursuing strategies by which it could be defended. More specifically, he asserts that, when advising Reese about the plea, Counsel placed undue emphasis on the fact that Reese's DNA was found on the child's genitals, instead of investigating and pursuing Reese's preferred defense of arguing that the child forced Reese to spit on the child's hand and then touched his own genitals. Reese claims that GPS data and inconsistencies in the child's statements to investigators would have supported that defense, but Counsel did not review that evidence before advising Reese to plead guilty.

(13) Reese has not demonstrated ineffectiveness or prejudice as to this claim. Reese acknowledges that he discussed the GPS data and the "significant contradictions in [the child's] police interview" with Counsel on July 11, 2021,[22] before he entered his guilty plea. Reese's claim that Counsel was unfamiliar with the evidence is therefore belied by his own statement, and his claim that Counsel

---

[21] Similarly, Reese's reliance on various documents to show that he was trying to communicate to Counsel around July 20, 2021 that he had changed his mind about pleading guilty, but Counsel was not responsive, also does not entitle him to relief, because he could have expressed his change of heart to the court at the hearing on July 23.

[22] Appendix to Opening Brief, Exhibit R (Reese affidavit); Opening Brief at 10.

misjudged his chances at trial does not overcome the strong presumption that Counsel's advice was professionally reasonable.[23] This ineffectiveness claim therefore fails. Moreover, because Reese's ineffectiveness claim fails—and because the GPS data, contradictions in the child's statements about the sexual assault, and the child's mental health history do not create a strong inference that Reese is actually innocent of the crimes to which he pleaded guilty—he also cannot overcome the procedural bar to a direct challenge to the validity of his guilty plea.[24]

(14) Next, Reese claims that Counsel misinformed him about his prospects for commutation, to induce him to plead guilty. But during the plea colloquy, Reese stated that he had not been promised anything that was not stated in the written plea agreement.[25] Absent clear and convincing evidence to the contrary, Reese is bound by the representations he made at the plea hearing.[26] As the Superior Court found, Reese has not carried that burden.[27]

---

[23] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[24] DEL. SUPER. CT. R. CRIM. PROC. 61(i)(3) (providing that any ground for postconviction relief that was not asserted in the proceedings leading to the judgment of conviction is procedurally barred unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights); *id.* R. 61(i)(5) (providing that the procedural bar established in Rule 61(i)(3) does not apply if the movant pleads with particularity that new evidence exists that creates a strong inference of actual innocence in fact).

[25] Appendix to Answering Brief at B54. During the colloquy, the court also emphasized that the charges to which Reese was pleading guilty had minimum-mandatory time, there was "very little chance for any kind of redos or modifications or anything," and "[o]nce we do it today, it's pretty much what you're going to have to live with for a while," and Reese acknowledged that he understood. *Id.* at B52-53.

[26] *Dorio v. State*, 2012 WL 6632923, at *2 (Del. Dec. 18, 2012)

[27] *Reese*, 2024 WL 5199724, at *6.

8

(15) Finally, Reese argues that the State violated *Brady v. Maryland*[28] by not producing evidence favorable to the defense, including GPS data and inconsistencies in the child's and others' statements to police, before Reese pleaded guilty. As discussed above, Reese has acknowledged that he was aware of the GPS data and inconsistences in the child's statements before he pleaded guilty, and he has not shown that his plea was not knowingly, intelligently, and voluntarily entered. He also knew when he pleaded guilty that the State had not produced any discovery because of the unique circumstances of his Maryland custody status and two-state plea deal. It is well settled that "a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea," including alleged *Brady* violations.[29] And, as the Superior Court observed, Reese "cannot claim in good faith that he was prejudiced by the absence of certain Delaware discovery after intentionally bypassing the Delaware discovery process" and pleading guilty.[30] Reese's *Brady* claim establishes no basis for postconviction relief.

---

[28] 373 U.S. 83 (1963).

[29] *Benson v. State*, 2020 WL 5951371, at *3 (Del. Oct. 6, 2020); *Mack v. State*, 2019 WL 7342514 (Del. Dec. 30, 2019).

[30] *Reese*, 2024 WL 5199724, at *8.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice